**CHEMFREE CORPORATION, Plaintiff**

v.

**J. WALTER, INC., and J. Walter Company, Ltd., Defendants.**

**Civil No. 1:04–CV–3711–JTC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 29, 2007.

William Arthur Capp, Stephen Luke Anderson, Duane Morris, LLP, Atlanta, GA, for Plaintiff.

Laurence E. Stein, Matthew T. Bailey, Rel S. Ambrozy, McKenna Long & Aldridge LLP, Washington, DC, Anthony B. Askew, David Scott Moreland, John Weldon Harbin, Stephen M. Schaetzel, King & Spalding, LLP, Charles E. Campbell, McKenna Long & Aldridge, William H. Needle, Needle & Rosenberg, Atlanta, GA, for Defendants.

## *ORDER*

JACK T. CAMP, District Judge.

This matter is currently before the Court on Plaintiff's motion to preclude supplementation of Defendants' invalidity contentions [# 233] and Plaintiff's motion to strike Defendants' Third Amended Invalidity Contentions [# 258].

## I. Background

As with many patent cases, this case has a long and complex procedural history. The current issue involves the timeliness of Defendants Third Amended Invalidity Contentions [# 236]. Plaintiff filed its Complaint on December 20, 2004 and filed its First Disclosure of Infringement Contentions on August 26, 2005. Defendants filed their First Disclosure of Invalidity Contentions on September 28, 2005. Defendants amended their invalidity contentions once on October, 3, 2005 and a second time on October 19, 2005. On July 12, 2006, the Court closed the case to allow the parties to arbitrate an issue relating to Zymo and ChemFree's co-ownership agreement.

After arbitration resolved the dispute between ChemFree and Zymo, the Court reopened the case on April 20, 2007 to continue litigation of the infringement issues. The Court held a *Markman* hearing on May 10, 2007, at which the Court construed the claims of the patents-in-suit without Plaintiff having the opportunity to know Defendants' arguments disclosed in Defendants' latest invalidity contentions. On July 17, 2007 the Court entered its Order construing the dis-

puted terms of Plaintiff's patents. Pursuant to Local Patent Rule 6.7, the parties were entitled to an additional 45 days of discovery after the Order construing the claims of the patents. Thus, fact discovery ended on August 31, 2007.

On August 22, 2007, seven business days before the close of fact discovery, Defendants filed their Third Amended Invalidity Contentions. In these amended contentions, Defendants included references to four patents [1] (the "Prior Art Patents") and four individuals [2] (the "Declarants") that were not cited in any of Defendants' prior invalidity contentions.

## II. Legal Standard

The Patent Local Rules for the Northern District of Georgia were adopted in order to "facilitate the speedy, fair and efficient resolution of patent disputes." N.D. Ga. Patent L.R. 1.2(a). The Rules provide that parties may amend their invalidity contentions "pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure." N.D. Ga. Patent L.R. 4.5.

Under the Federal Rules of Civil Procedure, "[a] party is under a duty *seasonably* to amend [its discovery responses] if the party learns that the response is in some material respect incomplete or incorrect. . . ." Fed. R.Civ.P. 26(e)(2) (emphasis added). If a party fails to "seasonably amend" their responses, that party may not use the information as evidence absent a showing of "substantial justification." Fed.R.Civ.P. 37(c)(1).

Similarly, the Northern District of California's [3] rules regarding amending contentions provide that "[a]mendment or modification of the . . . Invalidity Contentions, other than as expressly permitted in Patent L.R. 3–6, may be made . . . only upon a showing of good cause." N.D. Cal. Patent L.R. 3–7. California courts interpret "good cause" to require "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *02 Micro Int'l Ltd. v. Monolithic Power Systems*, 467 F.3d 1355, 1363 (Fed.Cir.2006).

■ Therefore, parties must be diligent in amending their contentions after the discovery of new evidence. *See Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods.*, 4:05–CV–0118–RLV, 244 F.R.D. 683, 690–91 (N.D.Ga.2007) (Vining, Jr., J.) (noting that "the burden is on the [amending party] to show that it was diligent in amending its pleadings.") (citing *02 Micro*, 467 F.3d at 1367–68).

## III. Discussion

■ In Defendants' Third Amended Invalidity Contentions, Defendants argued for the first time that the four Prior Art Patents and the Declarants' prior public use invalidate the patents-in-suit as previously construed by the Court. Plaintiff moves to strike these invalidity contentions on the grounds that they are untimely and, as such, prejudicial.

### A. The Declarants' Prior Use

The untimely disclosures indicate for the first time how Defendants were using the Declarants' alleged prior public use to invalidate the patents. This delay prejudiced Plaintiffs ability to prepare for trial and conduct discovery because Plaintiff was not aware *how* Defendants would use the Declarants' testimony until seven business days before the close of discovery.

■ Defendants failed to show substantial justification for their delay. Defendants rely on *Tillotson* to support their claim that the

---

1. The four Prior Art Patents are U.S. Patent 5,427,128, U.S. Patent 5,364, 789, U.S. Patent 5,232,299, and U.S. Patent 3,846,615.

2. The Declarants are Robert Bucklin, Glenn Knowlton, William Lashmett, and Brent Lashmett. Defendants claim that the Declarants publicly used the invention in question prior to the date when Plaintiff claims to have conceived of the invention.

3. Decisions of the Northern District of California, on whose local patent rules this District's local patent rules are based, are persuasive authority on issues concerning this District's local patent rules. *See McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 695 n. 1 (N.D.Ga.2007) (Camp, C.J.).

Court should not strike their latest contentions, but *Tillotson* is distinguishable from this case. In *Tillotson,* the Court declined to strike the plaintiff's amended infringement contentions because the plaintiff was diligent in discovering the new evidence and amending its contentions. *Tillotson,* 244 F.R.D. 683, 691. The plaintiff in *Tillotson* amended its invalidity contentions *four days* after discovering the additional information. *Id.* Furthermore, the court in *Tillotson* had not yet construed the claims of the patents in question when the plaintiff amended its infringement contentions.

In this case, however, Defendants waited at least *six months* from discovering the evidence before amending their invalidity contentions. Defendants actually admit that they were aware of the possible prior public use by Declarants "as early as mid–2006." (Defs.' Opp'n to Pl.'s Mot. to Preclude Supplementation of Invalidity Contentions 3.) Most importantly, unlike *Tillotson,* this Court had already construed the claims of the patents-in-suit when Defendants amended their invalidity contentions. Defendants could have amended their contentions well before the *Markman* hearing.

Defendants justify their delay by arguing that they provided the Declarants' statements to Plaintiff in April, 2007, but Defendants overlook an important aspect of infringement and invalidity contentions. The Patent Local Rules require the disclosing party to include very specific information. *See* N.D. Ga. Patent L.R. 4.3. Thus, invalidity contentions serve a function far more important than the mere identity and disclosure of potentially relevant evidence: they explain exactly *how* the opposing party will use that evidence to invalidate the patents.

Lastly, allowing such tardy disclosures would go against the policy and purpose of the Patent Local Rules. The Rules were adopted in order to "facilitate the speedy, fair and efficient resolution of patent disputes." N.D. Ga. Patent L.R. 1.2(a). This purpose is undermined when parties are permitted to make initial "place holder" disclosures regarding infringement or invalidity, then makes substantial changes or additions to those contentions immediately prior to or after the close of fact discovery.

Because Defendants were not diligent in amending their invalidity contentions, the amendments were not "seasonably made." Defendants showed no "substantial justification" for their delay. In fact, it appears that the reason for the untimely amendments was gamesmanship in an effort to gain a tactical advantage over Plaintiff. For these reasons, the Court **GRANTS** Plaintiff's motion to strike with respect to any reference to Robert Bucklin, Glenn Knowlton, William Lashmett, or Brent Lashmett in Defendants' Third Amended Invalidity Contentions.

### B. The Four Prior Art Patents

■ In their Third Amended Invalidity Contentions, Defendants also claim for the first time that the four Prior Art Patents invalidate the patents at issue in this case. Three of those Prior Art Patents [4] are listed on the face of the '835 patent, one of the patents-in-suit. Plaintiff attached a copy of that patent to the Complaint, originally filed on December 20, 2004. Thus, Defendant was aware of these patents almost three years before including them in their invalidity contentions.

Defendants offer no explanation for why they waited *three years* to explain how the Prior Art Patents invalidate the patents-in-suit. Defendants failure to diligently inquire into these patents is unexcusable, and it serves only to delay this litigation. Therefore, the Court GRANTS Plaintiff's motion to strike with respect to any reference to U.S. Patent 5,232,299, U.S. Patent 5,364,789, and U.S. Patent 5,427,128 in Defendant's Third Amended Invalidity Contentions.

The other patent disclosed for the first time in Defendants' Third Amended Invalidity Contentions, U.S. Patent 3,846,615, is not listed on the face of any of the patents-in-suit. It is unclear when Defendants discovered this prior art, and how long Defendants waited before producing it to Plaintiff and amending its invalidity contentions. It is improper to strike this invalidity contention

---

4. U.S. Patent 5,232,299, U.S. Patent 5,364,789, and U.S. Patent 5,427,128.

without such information. Thus, the Court **DENIES** Plaintiff's motion to strike with respect to any reference to U.S. Patent 3,846,615 in Defendants' Third Amended Invalidity Contentions.

### C.   Additional Discovery as a Remedy

 Defendants suggest that additional discovery would remedy any prejudice caused by the untimely amendments. But this case has already been extended several times. "[E]xtensions of deadlines cannot be the answer to every late disclosure of information." *Convolve, Inc. v. Compaq Computer Corp.,* No. 00 Civ. 5141(GBD)(JCF), 2006 WL 2527773, at *6 (S.D.N.Y. Aug. 31, 2006). "Enough time and money will eventually cure any prejudice caused by late disclosure of information, but that will not result in the just, speedy and inexpensive determination of every action." *Id.* Thus, the Court will not grant additional discovery to cure prejudice caused by the tardy disclosures.

### IV.   Conclusion

For these reasons, Plaintiffs motion to strike [# 258] is **GRANTED** with respect to any reference in Defendant's Third Amended Invalidity Contentions to Robb Bucklin, Glenn Knowlton, William Lashmett, Brent Lashmett, U.S. Patent 5,232,299, U.S. Patent 5,364,789, and U.S. Patent 5,427,128. Plaintiff's motion to strike [# 258] is **DENIED** with respect to any reference to U.S. Patent 3,846,615. Lastly, Plaintiff's motion to preclude supplementation of Defendants' invalidity contentions [# 233] is **DENIED as moot.**